United States District Court
Southern District of Texas

**ENTERED**

May 18, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO YOUNG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-2116 |
| | § | |
| BAYLOR SCOTT AND WHITE | § | |
| MEDICAL CENTER, DR. WADE W. SWANSON, | § | |
| JEFF TYLER, P.A., DR. MATTHEW B. CURNUTTE, | § | |
| AND JOHN DOE, SECURITY GUARD, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants Baylor Scott & White Medical Center, Dr. Wade W. Swanson, Jeff Tyler, P.A. and Dr. Matthew B. Curnutte's ("Defendants") Motion to Dismiss (ECF No. 10) and Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 16).[1]  Plaintiff filed an untimely response to the motion to dismiss (ECF No. 15) and Defendants filed a reply (ECF No. 17).  Defendants filed a response in opposition to the motion for leave to amend the complaint.  ECF No. 18.  Having considered the parties' submissions and the applicable law, the Court RECOMMENDS that Defendants' Motion to Dismiss (ECF No. 10) be GRANTED and Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 16) be DENIED.

### I.    Background

On June 22, 2019, Plaintiff was transported to Baylor Scott and White Medical Center after he began experiencing various cognitive and physical ailments.  Plaintiff was placed in a room

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF No. 19.

where hospital staff examined his vital signs.  After signing a form acknowledging his intent to be treated and lack of insurance, Plaintiff alleges that his cognitive troubles began to worsen.  As he continued to wait to be seen by a doctor or nurse, Plaintiff left his room and spoke with Dr. Curnutte who warned Plaintiff that he needed to return to his room or leave the hospital.  Plaintiff alleges that after he confronted Dr. Curnette, a security guard "kicked" him out from the premises.

After his removal from the hospital, Plaintiff re-dialed 911 to seek further help.  Police officers arrived on the scene and issued Plaintiff a criminal trespass warning.  Plaintiff, again, dialed 911 and attempted to re-enter the hospital, at which point, police arrested Plaintiff and transported him to the Brazos County Detention Center.  Plaintiff alleges he was left alone without medical treatment for more than 24 hours.  Plaintiff contends he continues to suffer from lower back pain and post-traumatic stress disorder as a result of the event.

On June 28, 2021, Plaintiff, proceeding *pro se*, brought suit against Defendants for violating the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.[2]  Defendants moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) arguing that (1) the two-year statute of limitations to bring suit under EMTALA expired before Plaintiff filed suit against Defendants and that (2) EMTALA does not provide a cause of action against the individual defendants.  ECF No. 10.

In addition to filing a response in opposition to Defendant's Motion to Dismiss, Plaintiff filed a motion seeking leave to amend his complaint to include claims against Defendants for violating 42 U.S.C. § 1395dd and for common law medical malpractice.  Defendants oppose the motion to amend, reiterating their argument that the statute of limitations bars the EMTALA claim

---

[2] Plaintiff filed a separate lawsuit in this Court against the City of College Station, City of College Station Police Department, and individual College Station police officers for their role in the same incident.  *See Young v. City of College Station, et al.*, No. H-21-2033 (S.D. Tex.).

and further arguing they are not subject to the Federal Tort Claims Act and state law medical malpractice claims are barred by the two-year statute of limitations.

## II.      Applicable Legal Standards

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise a basis for tolling.  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).  In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 70-71 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  The Court applies a more lenient standard when analyzing the complaints of pro se plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### B.  Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to a party to amend its pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2).  However, a "court need not grant a futile motion to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016).  "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

III.    **Analysis**

A.  **The face of Plaintiff's Complaint demonstrates the EMTALA claim is time-barred.**

Pursuant to EMTALA, an emergency department must provide an appropriate medical screening examination within the capability of the hospital's emergency department when an individual makes a request for an examination or treatment for a medical condition.  42 U.S.C. § 1395dd(a).  The Act also prohibits a hospital from delaying medical screening or treatment in order to inquire about the individual's method of payment or insurance status.  *Id*. § 1395dd(h). EMTALA explicitly provides that no civil action may be brought more than two years after the date the alleged EMTALA violation occurs.  *Id*. § 1395dd(d)(2)(C).

Defendants argue that Plaintiff's EMTALA claim must be dismissed because the statute of limitations to bring suit under the EMTALA has expired.  In an attempt to avoid the statute of limitations bar, Plaintiff argues that while the alleged EMTALA violation began on June 22, 2019 when the Defendants refused him care, it continued through June 26, 2019, when he was finally able to receive a CT scan at a different medical facility.  ECF No. 15 at 1-2.  However, EMTALA's statute of limitations provision states that the claim accrues on "the date of the violation with respect to which the action is brought."  42 U.S.C. § 1395dd(d)(2)(C).  Thus, the claim accrued and the statute of limitations began to run on June 22, 2019, the date Defendants allegedly violated EMTALA by refusing to provide Plaintiff treatment.  Accordingly, Plaintiff had until June 22, 2021 to file an EMTALA claim.  Plaintiff did not file his Complaint until June 28, 2021 and therefore, the EMTALA claim is time-barred.

Plaintiff argues that he planned to file his complaint on June 21, 2021 but due to an issue with the clerk's office his filing was delayed until June 25, 2021, and then further delayed by the wait for the approval of his application to proceed *in forma pauperis*.  ECF No. 15 at 2.  The Court

interprets Plaintiff's response about delays caused by the clerk's office and his *in forma pauperis* status as a request for equitable tolling of the statute of limitations. However, EMTALA lacks a tolling provision and other courts have declined to apply tolling exceptions to EMTALA's limitations period. *See e.g.*, *Vogel v. Linde*, 23 F.3d 78, 80 (4th Cir. 1994) (refusing to toll the statute of limitations from the date of an alleged EMTALA violation); *Brewer v. Miami Cty. Hosp.*, 862 F. Supp. 305, 308 (D. Kan. 1994) ("[T]he legislative history, like the plain language of the statute, does not support a finding that principles of equitable tolling should be applied to the EMTALA statute of limitations."). Seeing no reason to conclude differently in this instance, the Court finds that the EMTALA statute of limitations period should be strictly construed to preclude the filing of an action more than two years after the date of Defendants' alleged violation. The opportunity to replead the EMTALA claim cannot cure the statute of limitations issue. Therefore, the Court RECOMMENDS that the EMTALA claim against Defendants be DISMISSED WITH PREJUDICE.

### B.  Plaintiff's motion for leave to amend should be denied.

Because EMTALA does not apply to individual health care providers, Plaintiff seeks leave to file an amended Complaint which would include additional medical malpractice claims premised on Dr. Wade W. Swanson's and other hospital staff's alleged falsification of medical records. *See* ECF No. 16-1 ¶ 11. Plaintiff characterizes his claim as "Medical Malpractice Count 2" but does not state whether he is bringing his claim under federal or state law. Regardless of whether Plaintiff seeks to bring medical malpractice claims under state or federal law, Plaintiff cannot state a claim for medical malpractice against Defendants and granting leave to amend would be futile.

First, amendment would be futile as to the EMTALA claim because Plaintiff seeks leave to amend and plead the same facts alleging an EMTALA violation that occurred on June 22, 2019. For the reasons stated above, the EMTALA claim remains time-barred and fails to state a claim under Rule 12(b)(6).  Next, Plaintiff's proposed "Medical Malpractice Count 2," does not name the United States as a defendant, a necessary requirement for a claim under the Federal Tort Claims Act (FTCA).  *See Atorie Air., Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991) (holding that defendants in an FTCA action other than the United States were properly dismissed for lack of jurisdiction).  Assuming Plaintiff purports to bring a medical malpractice claim against the individual Defendants under Texas law, Defendants argue that Plaintiff's claim is time-barred.

The Court need not consider whether the state law medical malpractice claim is time-barred before recommending denial of Plaintiff's motion for leave to amend.  Pursuant to Title 28 U.S.C. § 1367(c)(3), when claims under federal law which serve as the basis for subject matter jurisdiction are dismissed and only state law claims remain, a district court may decline to exercise supplemental jurisdiction over those claims.  *See Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("[W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, . . . the decision as to whether to retain the pendent claims lies within the sound discretion of the district court.").  Because Plaintiff's EMTALA claim should be dismissed with prejudice, the Court also recommends declining to exercise supplemental jurisdiction over the state law malpractice claims Plaintiff seeks to bring in an amended complaint and which would be the sole remaining claims in the suit.

When determining whether to retain pendant state law claims, courts looks to the following factors: "(1) whether the state claims raise novel or complex issue of state law; (2) whether the state law claims substantially predominate over the federal claims; (3) whether the federal claims

have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011).   Courts also consider common law factors including judicial economy, convenience, fairness, and comity.   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).   In general, courts will decline to exercise jurisdiction over remaining state law claims after all federal claims have been dismissed.   *Smith v. Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

Here, the Court finds that the balance of relevant factors weighs in favor of declining jurisdiction over Plaintiff's state law claim.   While the claim does not appear to raise a novel or complex issue of state law, the Court has recommended that Plaintiff's federal claim should be dismissed and as such, Plaintiff's state law claim clearly predominates.   The Court has not identified any exceptional or compelling reasons for declining jurisdiction.

Turning to the common law factors, the Court finds that these, too, weigh in favor of declining jurisdiction.   As to judicial economy, hardly any federal judicial resources have been devoted to the consideration of the state law claim.   *Enochs*, 641 F.3d at 159.   Indeed, Plaintiff raised his state law claim for the first time in his motion for leave to amend.   Turning to convenience, Plaintiff resides in Nacogdoches County, Texas and Baylor Scott and White Hospital is located in Brazos County.   The Court, thus finds that this Court is no more convenient than would be a state court in either Nacogdoches County or Brazos County.

Further, "comity demands that the 'important interests of federalism and comity' be respected by federal courts, which are courts of limited jurisdiction and 'not as well-equipped for determinations of state law as are state courts.'"   *Enochs*, 641 F.3d at 160 (quoting *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588-89 (5th Cir. 1992)).   Thus, the comity factor weighs in favor of declining jurisdiction.   Finally, regarding fairness, the Fifth Circuit has

held that it is "certainly fair' to have state law claims heard by a Texas state court. *Enochs*, 641 F.3d at 160.  Thus, fairness weighs in favor of declining jurisdiction.

The Court further notes that Plaintiff has not demonstrated that he has satisfied the notice requirement for bringing a medical malpractice claim under Texas law.  Under Texas law, a plaintiff, or his authorized agent, asserting a medical malpractice claim is required to "give written notice of such claim by certified mail, return requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court." TEX. CIV. PRAC. & REM. CODE § 74.051(a).  The notice "must be accompanied by [an] authorization form for release of protected health information." *Id*.  The failure to serve a health care provider with a notice of claim results in abatement as to that defendant.  *See De Checa v. Diagnostic Ctr. Hosp., Inc.*, 852 S.W.2d 935, 938-39 (Tex. 1993) (explaining that "abatement is the sole remedy for failure to serve timely notice of a health care liability claim").  Plaintiff's motion for leave to amend does not include proof that he has complied with the notice provisions of Chapter 74 of the Texas Civil Practice & Remedies Code.  Absent proper notice at least 60 days prior to filing suit for medical malpractice, Plaintiff's amended complaint would be subject to abatement.  Plaintiff's failure to demonstrate compliance with the required notice provisions and the resulting likelihood of an abatement provides additional reasons for this Court to decline to exercise supplemental jurisdiction over the state law medical malpractice claims.

Having found that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice claims, the Court RECOMMENDS that Plaintiff's Motion for Leave to Amend be DENIED as futile.

## IV.    CONCLUSION

For the reasons explained above, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 10) be GRANTED and Plaintiff's claim be DISMISSED WITH PREJUDICE. The Court further RECOMMENDS that Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 16) be DENIED.


Signed on May 18, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge